*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-273

FEBURARY TERM, 2013

| | |
|---|---|
| Bobbi Jo Stellato | } APPEALED FROM: |
| | } |
| | } Superior Court, Rutland Unit, |
| v. | } Family Division |
| | } |
| | } |
| McCurtis Anthony Williams | } DOCKET NO. 209-5-01 Rddm |

Trial Judge: Nancy S. Corsones

In the above-entitled cause, the Clerk will enter:

Father appeals an order of the family division of the superior court denying his motion to enforce and for contempt and granting in part mother's motion to modify parent-child contact. We affirm.

The parties are the parents of a child born in October 1999. Mother was awarded sole parental rights and responsibilities, and father was given the opportunity for regular parent-child contact. Unfortunately, the parties have been unable to avoid conflict over issues surrounding parent-child contact, which became more complicated when father moved to New Hampshire and away from mother and the child, who reside in Rutland, Vermont. As a result, the superior court has issued a series of orders in the past two years in an attempt to resolve the parties' differences over parent-child contact.

This case involves an appeal of the superior court's July 16, 2012 order. In his brief, father argues that the court abused its discretion: (1) by reducing his alternate weekend visitation period from forty-eight hours to forty-six-and-one-half hours; (2) by allowing mother not to travel in inclement weather but requiring him to do so; (3) by interpreting a previous order to exclude weekend visits during the summer when he has five weeks with the child; and (4) by giving mother unilateral power to approve or disapprove his summer visitation schedule.

The first three of these four claims are not part of the order that father is appealing. In several orders in the summer of 2012, the superior court clarified a previous order concerning parent-child contact. The court determined that the previous order did not give father alternate weekend visitation during the summer when he has five weeks with the child. The court also clarified the previous order with respect to pickup schedules and protocol in bad weather. Father unsuccessfully sought reconsideration of these orders, but never appealed them.[*]

---

[*] At oral argument, father challenged the superior court's order with respect to travel in inclement winter weather. The court dealt with that issue in detail in its March 1, 2012 order. Defendant sought reconsideration of that order, which the court denied on March 12, 2012. Father did not appeal either order. The July 16, 2012 order that he did appeal was the result, in

Later, father filed a motion to enforce and for contempt, arguing that the court should find mother in contempt for not agreeing to his requested schedule for summer visitation and for not making their child available for court-ordered visitations. In the July 16, 2012 order that father is appealing, the court denied father's motion to enforce and for contempt, finding that mother could not be found in contempt for not agreeing to father's request for an initial two-week block of summer visitation when father had made the request only five days before the block of time was to begin. The court denied mother's motion to establish a set time for annual summer visitation, but required father to notify mother before May 1 of each year of the periods in which he intended to exercise his summer visitation rights.

None of the court's many orders regarding parent-child contact appear to be beyond its discretion. See Gates v. Gates, 168 Vt. 64, 74 (1998) ("Granting, modifying, or denying visitation is within the discretion of the trial court and will not be reversed unless its discretion was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." (quotations omitted)). But the only issue father raises that concerns the July 16 order being appealed is his claim that the court abused its discretion by giving mother unilateral power to approve or disapprove his summer vacation schedule. This argument is unavailing because its premise is incorrect—the court did not give mother unilateral power to approve or disapprove his summer visitation schedule. Rather, that power resides with father subject to the reasonable condition that he must inform mother by May 1 each year as to which periods he intends to exercise his summer visitation rights. If he fails to do so, only then will mother have the right to dictate the summer visitation schedule. Thus, father can avoid mother establishing his summer visitation schedule simply by giving her reasonable notice of when he intends to exercise his visitation rights. This is not an onerous or unreasonable condition, and the court acted well within its discretion in setting the condition to afford mother reasonable notice of when father intends to exercise his visitation rights.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

part, of his motions to enforce and for contempt, which were filed in late June 2012 and did not concern the winter travel issue. The July 16 order made no mention of that issue.